UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI DALE LASTER, JR., | No. 2:25-cv-0979 CSK P |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | |
| KIMBERLEY CHEATLEY, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Because the Court finds plaintiff's complaint should be dismissed as frivolous, without leave to amend, the Court also recommends that plaintiff's request to proceed in forma pauperis should be denied.

I.   SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     PLAINTIFF'S COMPLAINT

Plaintiff claims that defendants raped him by putting some type of military prison tool inside the tip of his penis, before plaintiff was locked up and living at his parents' house. (ECF No. 1 at 4.) Plaintiff claims the tool is still stuck in his private parts right now, and the

2

defendants' DNA is still there.  (Id. at 4, 8, 10.)  As defendants, plaintiff names Alexzadria Kent, "drug dealer," and Kimberley Cheatley, "resigned Secret Service."  (Id. at 2.)  Plaintiff appears to refer to Kimberly Cheatle, who was the director of the United States Secret Service until she resigned in 2024.  Plaintiff does not identify the relief sought.

III.    DISCUSSION

Unfortunately, Plaintiff alleges the sort of fantastical or delusional scenarios that merit dismissal.  See Neitzke v. Williams, 490 U.S. 319, 327 (1989) (holding that courts have the "authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").  Allegations that are fanciful, fantastic, or delusional give rise to claims that are factually frivolous.  Denton v. Hernandez, 504 U.S. 25, 32-33 (citation omitted).  Thus, this Court is authorized to make a finding of factual frivolousness "when the facts alleged give rise to the level of the irrational or the wholly incredible."  Id. at 33.

Here, plaintiff's claims are so unlikely as to be fanciful.  Allegations that a drug dealer and the former director of the Secret Service implanted a military prison tool into plaintiff's penis when he was living at his parents' house are implausible on their face and there is no indication that they are grounded in reality.  Plaintiff's claims fall within the category of those "describing fantastic or delusional scenarios" and should be dismissed with prejudice.  See Chinsami v. Lozano, 2021 WL 4523592, at *2-3 (E.D. Cal. Oct. 4, 2021) (recommending dismissal without leave to amend inmate's claim alleging nonparty defendants implanted a device in inmate's eye to study his brain and body), report and recommendation adopted, 2021 WL 5585339 (E.D. Cal. Nov. 30, 2021); Monroe v. Arpaio, 2005 WL 3054067, at *2-3 (D. Ariz. Nov. 14, 2005) (at screening, dismissing with prejudice inmate's claim that he told jail officials he "had a mind-reader on him" and still has a mind-reader device on him which causes constant duress); Payne v. Contra Costa Sheriff's Dep't, 2002 WL 1310748, at *1 (N.D. Cal. June 10, 2002) (denying leave to proceed in forma pauperis and dismissing inmate's claim that Sheriff's Department was using telepathy/mind control to harass and torture inmate).  Accordingly, the Court recommends that the complaint be dismissed as frivolous.

IV.     LEAVE TO AMEND

In light of the foregoing, the complaint should be dismissed.  The Court has considered whether to grant plaintiff leave to amend.  Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect."  Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012)); see Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

The Court finds that the deficiencies discussed above are not capable of being cured by amendment, and therefore leave to amend is futile and should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  Therefore, this action should be dismissed with prejudice.

V.      IN FORMA PAUPERIS

Plaintiff submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a).  (ECF Nos. 6, 7, 9.)  Nevertheless, because this Court recommends dismissal of this action without leave to amend, the Court also recommends that plaintiff's request to proceed in forma pauperis be denied.

VI.     ORDERS AND RECOMMENDATIONS

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 6, 7, 9) be denied; and

2. This action be dismissed as frivolous, with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 23, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/last0979.56