UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI DALE LASTER, JR., | No. 2:25-cv-0979 DJC CSK P |
| Plaintiff, | |
| v. | ORDER |
| KIMBERLY CHEATLEY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 24, 2025, the Magistrate Judge filed findings and recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff filed objections to the findings and recommendations. (ECF No. 13.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

///

Despite being denied leave to amend, Plaintiff filed a "Complaint for a Civil Case" on May 9, 2025. (ECF No. 15.) However, contrary to Plaintiff's claim (ECF No. 15 at 14), that filing does not "fix" his complaint. The filing is largely incomprehensible, and contains two petitions for writs of habeas corpus.[1] (Id. at 2, 36.) As defendants, Plaintiff again names Alexzadria Kent, "dope cook," and Kimberley Cheatley, "resigned Secret Service," and now attempts to add a third defendant, Matthew P. Beavers, "crooked military general." (Id. at 16.) Because Plaintiff's filing is incomprehensible, the Court disregards Plaintiff's May 9, 2025 filing.

On May 16, 2025, Plaintiff filed another complaint, naming the same three Defendants as named in his May 9, 2025 filing, and the May 16, 2025 filing is similarly incomprehensible. (ECF No. 17.) The May 16, 2025 filing is also disregarded.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 12) are adopted in full.

2. Plaintiff's requests to proceed in forma pauperis (ECF Nos. 6, 7, 9, 14) are denied;

3. Plaintiff's May 9 and 16, 2025 filings (ECF Nos. 15, 17) are disregarded; and

4. This action is dismissed as frivolous, with prejudice.

5. The Clerk of the Court is directed to administratively terminate all pending motions and close this case.

IT IS SO ORDERED.

Dated:   **May 30, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff already has petitions for writs of habeas corpus pending in the Eastern District. See Laster v. State of Cal., No. 2:25-cv-0481 SCR (E.D. Cal.); Laster v. Cheatley, No. 2:25-cv-1098 EFB (E.D. Cal.); and Laster v. Robinson, No. 25-cv-1099 AC (E.D. Cal.). A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).